UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN LEE STEVENS,<br><br>Defendant. | Case No. 4:18-cr-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a Defendant Ryan Lee Steven's pro se Motion for Compassionate Release (Dkt. 403). The government opposes the motion. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Stevens pleaded guilty to possession with intent to distribute methamphetamine. In 2019, the Court sentenced him to 125 months' imprisonment, to be followed by five years of supervised release. (Dkt. 173). Stevens is 47 years old. He is currently incarcerated at Federal Correctional Institute Sheridan with a projected release date of December 19, 2028. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 11, 2022).

MEMORANDUM DECISION AND ORDER - 1

## LEGAL STANDARD

In general, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. §3582(c); *see Dillon v. United* States, 569 U.S. 817, 824-25 (2010). Compassionate release is one of the few exceptions to this rule. A defendant may seek compassionate release if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

Assuming a defendant has exhausted his administrative remedies, he must show that: (1) his request is consistent with the factors set forth in 18 U.S.C. § 3553(a) factors; (2) "extraordinary and compelling reasons warrant a sentence reduction; and (3) a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Regarding that third factor – that a reduction in sentence be consistent with applicable policy statements – the Sentencing Commission has not updated its policy statement for compassionate release motions since Congress began allowing defendants to file their own motions for compassionate release. (Previously, such motions had to be filed by the Director of the Bureau of Prisons). *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Accordingly, the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not the applicable policy

statement for compassionate release motions filed *by a defendant. See id.* "In other words, the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed be a defendant." *Id.* at 802. Still, though, although the policy statements found in Section 1.1B.13 of the Sentencing Guidelines are not binding "they may inform a district court's discretion" in deciding compassionate release motions filed by defendants.[1] *Id.*

Section 1.1B.13 of the Guidelines generally parrots the statutory language of § 3582(c)(1)(A), though it adds that even if "extraordinary and compelling" circumstances warrant a reduction, the court must also determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* U.S.S.G. § 1B1.13(2). In addition, in

---

[1] Section 1.1B.13 provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

Application Note 1, the Sentencing Commission described four categories of "Extraordinary and Compelling Reasons." *Id*. cmt. n.1. The first three categories concern the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." *Id*. cmt. n.1(A)–(C). The fourth category is a catch-all provision vesting the "Director of the Bureau of Prisons" with the authority to determine "other" extraordinary and compelling reasons. *Id*. cmt. n.1(D).

## ANALYSIS

The Court will deny this motion as Mr. Stevens has failed to demonstrate that extraordinary and compelling reasons warrant a sentence reduction. Further, even assuming he had made such a showing, the § 3553(a) factors weigh against such relief.

1. **Stevens Failed to Demonstrate that Extraordinary and Compelling Reasons Warrant a Sentence Reduction**

Steven relies mainly on his reported medical conditions to demonstrate that extraordinary and compelling reasons warrant a sentence reduction. Among other things, he reports that suffering chronic, debilitating back pain as well as mental health complications, including anxiety, depression, ADHD, and bipolar disorder. He contracted Covid-19 in August 2021 and says he "is experiencing debilitating long-haul symptoms like fatigue, headaches, shortness of breath, and extreme intermittent nerve pain." *Motion,* Dkt. 403, at 1. He says that at times "he cannot get out of bed without nearly passing out from the extreme vertigo." *Id.* He also

says his mental and physical health issues have deteriorated due to pandemic-related conditions at FCI Sheridan. *Id.*

In response, the Government submitted Stevens' medical records from BOP. These records indicate that Stevens has unspecified "symptoms and signs involving the genitourinary system" and "[n]euralgia and neuritis." *Ex. 1,* Dkt. 438-1, at 1, 6. The records do not bear out Mr. Stevens' reports regarding ongoing vertigo, nausea, fatigue, headaches, or shortness of breath. But, more generally, the medical records show that Stevens is receiving adequate medical care and that he is prescribed medication on a regular basis. Additionally, the medical conditions Stevens cites do not convince the Court that he would be unable to provide selfcare within the environment of a correctional facility.

Stevens also cites family circumstances, but, again, he has failed to show that these circumstances amount to an "extraordinary and compelling" reason that would warrant a sentence reduction. Here, he says his mother needs his support to take care of his 11-year-old daughter. But he has not provided any evidence regarding the physical or mental health of his mother, or whether there are other care providers available.

2. **The 18 U.S.C. §3553(a) Factors Do Not Favor a Sentence Reduction**

Even assuming Stevens had shown that extraordinary and compelling reasons warranted a sentence reduction, consideration of the § 3553(a) factors do

not weigh in favor of such relief. As the government has pointed out, Stevens was convicted as part of a drug trafficking conspiracy in Eastern Idaho that involved approximately 35-40 pounds of methamphetamine. *Response,* Dkt. 164, p. 30-31. He has had numerous other controlled substances offenses, including a prior conviction for Possession with Intent to Deliver a Controlled Substance. He was on parole at the time of the offense here. Under these circumstances, the 125-month sentence that was imposed protects society, provides specific and general deterrence, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. To approve this motion, given the considerable sentencing variance already received would not be consistent with the sentencing objectives. Plus, on this record, the Court believes Stevens still poses a danger to society. Accordingly, the Court will deny the motion.

3.   **Challenging Conditions of Confinement**

Finally, the Court notes that it lacks jurisdiction to consider challenges to the conditions of a defendant's confinement, unless the defendant is confined within the geographical jurisdiction of the district court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, . . . petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §2241 in the custodial court."). Should Stevens wish to challenge the conditions of

his confinement, he must do so in United States District Court for the District of Oregon.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 403) is **DENIED**.

DATED: October 11, 2022

B. Lynn Winmill
U.S. District Court Judge