UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN LEE STEVENS,<br><br>Defendant. | Case No. 4:18-cr-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Ryan Lee Stevens' Motion for Clarification of Earned Time Credits (Dkt. 508). For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Defendant was arrested by local law enforcement on August 3, 2018, following a search of his home that yielded methamphetamine and drug paraphernalia. At the time, Defendant was on parole in three state court drug cases, and his parole was revoked.

**MEMORANDUM DECISION AND ORDER - 1**

The federal indictment based on the investigation of related drug activity was filed and a warrant issued by this Court for Defendant's arrest on August 28, 2018. Dkts. 1, 2. On February 7, 2019, while Defendant was in the custody of the Bonneville County Jail on the parole violation charges, the Government applied for and was granted a Writ of Habeas Corpus for Defendant to appear via video conference on February 20, 2019, for arraignment on the charges. Dkts. 59, 60. The arrest warrant was served on that date, and the arraignment was held as scheduled. Dkts. 63, 67. On October 23, 2019, Judge David C. Nye imposed a sentence of 125 months to run "partially concurrent and partially consecutive to docket numbers CR-2006-15488, CR-2009-22156, and CR-2012-17661." *Judgment*, Dkt. 173.[1]

According to Defendant's motion, he was released from the custody of the State of Idaho Department of Corrections six months after imposition of the federal sentence to begin serving his federal sentence with the Federal Bureau of Prisons. He now seeks credit for all time served spent in custody following his arrest on the parole violations on August 3, 2018. He contends that Judge Nye clearly intended that he receive credit for time served prior to sentencing.

---

[1] This case was reassigned to the undersigned by Judge Nye on March 5, 2021, for all further proceedings. *See Order*, Dkt. 313.

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

As the Government noted in its Response, Judge Nye's comments at sentencing belie Defendant's assertion that Judge Nye intended that he be credited with anything other than time served in federal custody as determined by the Bureau of Prisons:

> It is my intent and my recommendation that he be given credit for all time served in federal custody. *The Bureau of Prisons will calculate that out for us.*
>
> The sentence shall run partially concurrently and partially consecutive to Docket Numbers CR-2006-15488, CR-2009-22156, and CR-2012-17661. In other words, it will run consecutive for now until you -- the earlier of either your release on the listed offenses or February 5th, 2020. And at that time, it will begin to run concurrently.

*Sent. Tr.* at 28, Dkt. 282 (emphasis added).

Furthermore, after sentence was imposed, when Defendant stated that he hoped to get credit for the time between his August 3, 2018, arrest and going into federal custody in February of 2019, Judge Nye stated:

> And what I am telling you is I am recommending you get all time spent in federal custody, *but the Bureau of Prisons will determine when that runs*. . .. That's not something that I know, and so they'll figure it out for you.

*Id.* at 31 (emphasis added).

**MEMORANDUM DECISION AND ORDER - 3**

Finally, in the Judgment itself, the Court made the *recommendation* to the Bureau of Prisons that Defendant be credited with all time served in federal custody. *Judgment*, Dkt. 173 at 2. Nowhere during sentencing or in the Judgment did Judge Nye express an intent that Defendant be credited with time served from the date of his arrest. Furthermore, he would not have had the authority to do so even if had intended to do so.

A defendant is entitled to credit for time served in official detention prior to commencement of a federal sentence that is either "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). However, the Attorney General, through the Bureau of Prisons, has the sole authority to calculate or award credit for time served under § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 332-36 (1992). The district court has no authority to do so. *Id.* at 333; *United States v. Peters*, 470 F.3d 907, 909 (2006).

A challenge the Bureau of Prisons' computation of time served goes to the execution of a sentence rather than to the sentence itself. Accordingly, such a challenge must proceed via a habeas corpus action pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). *See also Zavala*

**MEMORANDUM DECISION AND ORDER - 4**

*v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (same noting need to first exhaust administrative remedies). A § 2241 action must be filed in a court with jurisdiction over the warden of the facility in which the defendant is incarcerated. Therefore, even though Defendant was sentenced in the District of Idaho, he must file any § 2241 petition in the District of Oregon, the jurisdiction in which FCI Sheridan is located, after first exhausting his administrative remedies at that facility.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Clarification of Earned Time Credits (Dkt. 508) is **DENIED**.

DATED: February 1, 2023

_____
B. Lynn Winmill
U.S. District Court Judge